IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| EARL DEWAYNE BREWTON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-47 |
| v. | |
| LEON HOUSTON; and EDWARD OGLESBY, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S CLAIMS[1]

Plaintiff claims that on October 1, 2016, Defendant Leon Houston arrested him.  Doc. 1 at 3.  Moreover, during the arrest, Defendant Houston assaulted him.  Id.  Plaintiff states Defendant Houston's assault rendered him unconscious and necessitated a trip to the Evans Memorial Hospital Emergency Room.  Id.  Defendant Houston's assault left Plaintiff "bruised up all over" and knocked out several of his teeth.  Id.  Following the trip to the emergency room,

---

[1] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Plaintiff went to the Evans County Jail, where he required additional medical attention.  Id.  Further, Plaintiff alleges he attempted to file a grievance when he arrived at Evans County Jail but was initially ignored and then threatened, causing him to abandon seeking an administrative remedy.  Id. at 2.  At the time of filing, Plaintiff had been transferred to Coffee Correctional Facility, where he is currently confined.  Id.

Plaintiff also seeks to bring a claim against Defendant Edward Oglesby, the Evans County Chief of Police, claiming his position as Police Chief makes him responsible for Defendant Houston's assault.  Id. at 4.  Plaintiff seeks compensatory and punitive damages for his injuries and resulting medical care.  Id.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a

2

complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Dismiss Supervisor Liability Claim Against Defendant Oglesby

Plaintiff brings a claim against Defendant Oglesby in his supervisory capacity.  Doc. 1 at 4.  In § 1983 actions, liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.  Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations.  Braddy, 133 F.3d at 802.  Rather, in the Eleventh Circuit:

> To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (citing West v. Tillman, 496 F.3d 1321, 1328 (11th Cir. 2007)).

Plaintiff wishes to sue Defendant Oglesby based solely on his supervisory position over Defendant Houston.  Doc. 1 at 4.  Plaintiff does not allege Defendant Oglesby personally violated Plaintiff's rights.  Likewise, he makes no allegation Defendant Oglesby set customs or

policies that violated Plaintiff's constitutional rights.  Therefore, Plaintiff may not hold Defendant Oglesby liable for any rights violations allegedly committed by Defendant Houston in a § 1983 action.  Jones v. Hall, 5:18-cv-46 (S.D. Ga. June 24, 2019), ECF No. 14, pp. 6–7; Ford v. Perron, No. 5:11-cv-15, 2011 WL 6888541, at *3 (S.D. Ga. Oct. 18, 2011).  Accordingly, I **RECOMMEND** the Court **DISMISS** the claim against Defendant Oglesby.

**II.    Plaintiff's Excessive Force Claim Against Defendant Houston is Barred by the Statute of Limitations**

To the extent Plaintiff raises an excessive force claim based on the alleged assault by Defendant Houston, such a claim is barred by the applicable statute of limitations.  Constitutional claims brought under § 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."  Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011).  Georgia has a two-year statute of limitations for personal injury actions.  O.C.G.A. § 9-3-33.  Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run."  Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003).  Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  Id.

Plaintiff states Defendant Houston assaulted him on October 1, 2016.  Doc. 1 at 3.  Under applicable law, the two-year statute of limitations began to run on the date Defendant Houston allegedly assaulted Plaintiff, which was when the facts giving rise to an excessive force claim became apparent—October 1, 2016.  Because Plaintiff did not file his Complaint until May 16, 2019, Plaintiff's Complaint is untimely under Georgia's applicable statute of limitations.  Thus, absent any basis for tolling, Plaintiff's claim is barred by the statute of limitations.

Here, there is no apparent basis for tolling Plaintiff's claim. See Bridgewater v. DeKalb County, No. 1:10-cv-1082, 2010 WL 11507266, at *6–8 (N.D. Ga. July 12, 2010) (providing a discussion on the tolling provisions available under Georgia and federal law). Georgia law provides the limitations period may be tolled in the following circumstances: (1) the party is legally incompetent, O.C.G.A. § 9-3-90; (2) the person becomes legally incompetent after the right accrues, O.C.G.A. § 9-3-91; (3) an estate becomes unrepresented, O.C.G.A. §§ 9-3-92, 9-3-93; (4) the defendant is absent from the State, O.C.G.A. § 9-3-94; (5) one party in a joint action is legally incompetent, O.C.G.A. § 9-3-95; (6) there is fraud by the defendant, O.C.G.A. 9-3-36; (7) there are counterclaims and cross claims, O.C.G.A. § 9-3-37; (8) the party is bringing a medical malpractice claim, O.C.G.A. § 9-3-97.1; (9) a tort arises from a crime, O.C.G.A. § 9-3-99; and (10) there is a non-statutory basis for equitable tolling. Bridgewater, 2010 WL 11507266, at *6 (citing State v. Private Truck Council, Inc., 371 S.E.2d 378, 380–81 (Ga. 1988)).

The only possible basis for tolling in this case is under the non-statutory equitable tolling provision based on Plaintiff's allegations he stopped pursuing administrative relief for his claim because he was being threatened. Doc. 1 at 2. However, "Georgia's non-statutory doctrine of equitable tolling is extremely narrow," and the only discussion of non-statutory equitable tolling in the Georgia courts is in the context of a class action lawsuit. See Bridgewater, 2010 WL 11507266, at *7 (citing Hicks v. City of Savannah, No. 4:08-cv-06, 2008 WL 2677128, *2 (S.D. Ga. July 8, 2008), and Private Truck Council of Am., Inc., 371 S.E.2d at 380). Because Plaintiff brings a § 1983 claim and not a class action, the claim is not tolled under Georgia's non-statutory equitable tolling. See Bridgewater, 2010 WL 11507266, at *7 (holding same). Accordingly, I **RECOMMEND** the Court **DISMISS** the claim against Defendant Houston.

### III.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the

appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 30th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA