IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| EARL WAYNE BREWTON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-47 |
| v. | |
| LEON HOUSTON; and EDWARD OGLESBY, | |
| Defendants. | |

**O R D E R**

The Court has conducted an independent and *de novo* review of the entire record and concurs with the Magistrate Judge's Report and Recommendation. (Doc. 12.) Plaintiff filed Objections to this Report and Recommendation. (Doc. 13.)

The Magistrate Judge recommended the Court dismiss Plaintiff's Complaint because Plaintiff failed to state a claim. (Doc. 12, pp. 3–5.) The Magistrate Judge found the statute of limitations had expired, concluding the limitations period began to run on the day Plaintiff was allegedly assaulted by Defendants. (Id. at pp. 4–5). In his Objections, Plaintiff states "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." (Doc. 13, p. 1.) However, Plaintiff fails to explain how the facts supporting his cause of action were not readily apparent at the time of the alleged assault. Indeed, Plaintiff points to no facts that would support a later start to the limitations period. Upon review, the Court agrees with the Magistrate Judge's conclusion, and any objection to when the statute of limitations began to run is without merit.

Further, the Magistrate Judge determined there was no statutory or equitable tolling of Plaintiff's claims. (Doc. 12, pp. 4–5.) Plaintiff argues there is a basis for tolling under O.C.G.A. § 9-3-99, which provides for tolling when a tort arises from a crime. (Doc. 13, p. 1.) Plaintiff argues threats to his life and welfare that he faced while at the county jail qualify to meet the requirements of O.C.G.A. § 9-3-99. (Id.)

Section 9-3-99 provides for tolling of tort actions where the action is brought by the victim of a crime and arises out of the facts and circumstances relating to the commission of the alleged crime. As the Georgia Court of Appeals has explained, "[T]he statute contemplates extending the time in which a victim may file a tort action where there are pending criminal charges arising out of the same facts or circumstances." Williams v. Durden, 819 S.E. 2d 524, 525 (Ga. 2018) (citation omitted).

Plaintiff fails to show there are any pending criminal charges related to the alleged § 1983 violations by Defendants that form the basis of his tort claim. While Plaintiff attempts to argue his suit is not time-barred, he provides only conclusory statements. Plaintiff relies on bare allegations that he did not file his suit against Defendants sooner because he received threats and these threats constitute a crime. That is, Plaintiff seems to argue the statute of limitations on his Section 1983 claim should be tolled because of unrelated, alleged criminal conduct by unnamed individuals for an unknown period of time despite the fact that the claim, on its face, is barred by the statute of limitations. As explained above, and as the Plaintiff seems to acknowledge, the statute contemplates tolling when there are pending criminal charges. Here, however, Plaintiff has not pointed to any pending charges or even an investigation against Defendants or anyone else related to the conduct giving rise to his claims. Thus, Plaintiff's Objections are without merit;

O.C.G.A. § 9-3-99 does not provide a basis upon which to toll the statute of limitations for Plaintiff's claim.

Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DISMISSES** Plaintiff's Complaint, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal.

**SO ORDERED**, this 30th day of December, 2020.

  
R. STAN BAKER  
UNITED STATES DISTRICT JUDGE  
SOUTHERN DISTRICT OF GEORGIA